**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KATHLEEN KINDELAN**<br>**Plaintiff** | : | **C.A. No. CA 08 329 ML** |
| **v.** | : | **JURY TRIAL DEMANDED** |
| **DISABILITY MANAGEMENT ALTERNATIVES, LLC, UNITEDHEALTH GROUP SHORT TERM DISABILITY PLAN**<br>**Defendants** | : | |

**COMPLAINT**

Plaintiff Kathleen Kindelan hereby commences this action against the Defendants and alleges:

**I. JURISDICTION AND VENUE**

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA").

2. United Health employed Plaintiff Kathleen Kindelan ("Plaintiff Kindelan") in its Rhode Island office and Rhode Island on-site hospital locations and provided Plaintiff with both Short Term Disability (STD) and Long Term Disability (LTD) as a fringe benefit through her employment with United Health, and is a plan sponsor within the meaning of ERISA 29 U.S.C. § 2002(16)(B).

**II. PARTIES**

3. Defendant UnitedHealth Short-Term Disability Plan ("Plan") is an ERISA employee benefit plan within the meaning of 29 U.S.C. § 1002(3) and the plan under which Plaintiff has made her claim for Short Term Disability benefits.

4. Defendant Disability Management Alternatives, LLC ("Disability Management Alternatives") is an entity that administers the UnitedHealth Short-Term Disability Plan, and is identified in the UnitedHealth Short-Term Disability Plan as the "plan administrator" within the meaning of ERISA, 29 U.S.C. § 1002(16)(A) and § 1132 and a "fiduciary" within the meaning of 29 U.S.C. § 1002(21) of ERISA.

5. Plaintiff Kathleen Kindelan is a resident of the state of Rhode Island and an ERISA Plan Beneficiary within the meaning of ERISA, 29 U.S.C. § 1132(a)(1)(B) and (3).

## III. FACT ALLEGATIONS

6. UnitedHealth employed the Plaintiff in Rhode Island for two separate periods of time, from November 29, 1993 until she resigned in 1998, and, from March 27, 2006 to present.

7. During Plaintiff's most recent period of employment with the UnitedHealth, Plaintiff was employed full time as a "Clinical Care Manager".

8. The "Clinical Care Manager" position is a physically active position that requires considerable walking, standing, sitting, carrying, bending, lifting and stooping. Plaintiff's job duties entail a physical presence at UnitedHealth's Rhode Island offices to gather and manage data, and then traveling to Rhode Island Hospital, Hasbro Children's Hospital and Women & Infants' Hospital for on-site utilization reviews. Plaintiff does conduct utilization reviews telephonically of other locations. Plaintiff's employment requires that she routinely carry her lap top computer, charts and work files, that she manage these items without assistance.

9. While working at on-site locations, Plaintiff locates work available space, which changes on a daily basis. Thus, her working conditions are dependent upon factors outside of her control and she must be able to adapt to whatever work space is available which changes on a daily basis.

10. Plaintiff has remained unable to perform the material functions of her job on a full time basis since October 1, 2007.

11. Plaintiff's date of birth is April 9, 1948, and the time of her denial of STD benefits she was fifty-nine years old.

12. Since April 6, 2005, Plaintiff has been under the care of her treating physician, Mark Palumbo, M.D. of University Orthopedics, for back and leg pain.

13. Plaintiff has a long history of back and neck injury, pain and dysfunction, resulting in nine (9) major spinal surgeries, five (5) on the cervical spine and four (4) on the lumbar spine including the following:

-Anterior cervical disectomy and fusion C6/C7 in 1983;
-Anterior cervical disectomy and fusion C4/C5 and C5/C6 in 1985;
-Posterior cervical foraminotomy in 1985;
-Lumbar laminectomy in 1984;
-Lumbar arthodesis in 1979;
-Revision-multiple level anterior cervical decompression and arthrodesis with plate fixation in October, 1999;
-Anterior lumbar discectomy and arthrodesis at L3/C4 level with instrumentation followed by revision posterior lumbar decompression and fusion L3/L5 in October, 2005.

14. Despite her serious medical conditions Plaintiff has always tried her utmost to remain within the workforce.

15. In or about October, 2007, Plaintiff experienced an overwhelming and debilitating flare of back pain and lower extremity symptoms.

16. On or about October 3, 2007, Dr. Palumbo initially formally recommended that Plaintiff remain out of work for a four (4) week to six (6) week period commencing October 1, 2007, to see if her symptoms would subside with a period of rest.

17. Plaintiff timely applied for STD benefits in accordance with United Health Plan policies and procedures.

18. By correspondence dated October 15, 2007, Plaintiff received an initial approval of her claim for STD benefits for the period of October 1, 2007 to October 15, 2007, with benefits officially beginning on October 8, 2007 due to a seven (7) day waiting period pursuant to the Plan.

19. By correspondence dated October 24, 2007, Plaintiff received notification that her benefits were being stopped.

20. By correspondence dated November 5, 2007, Plaintiff received notification that her claim for STD benefits was formally denied.

21. Upon examination by Dr. Palumbo on or about November 13, 2007, Plaintiff's symptoms were not significantly improved and Dr. Palumbo opined that she was totally disabled from employment at that time.

22. Plaintiff appealed the denial of benefits, and executed a comprehensive release as requested for both Defendant Disability Management Alternatives and UnitedHealth Group, Inc., and its subsidiaries, affiliates, so that they could have complete access to Plaintiff's medical records.

23. On or about November 21, 2007, Dr. Palumbo opined that the Plaintiff had had increasing difficulties with respect to back pain and lower extremity symptomatology (radiculopathy), causing her significant functional limitations. Dr. Palumbo opined that Plaintiff's work duties appeared to be the major exacerbating factor with respect to her increasing spinal symptoms. Dr. Palumbo further opined that these exacerbating factors included prolonged sitting, prolonged standing and the psychological stress associated with her on-going work duties.

24. An Independent Medical File Review of the Plaintiff was conducted by Amy Hopkins, M.D. at the request of the Defendants and Plaintiff complied with Defendant's request to submit to an Independent Medical Examination with Dr. Hopkins.

25. On or about February 18, 2008, Dr. Hopkins opined that the review determined that Plaintiff's medical records did not support an inability to perform her required job duties as of October 1, 2007.

26. On or about February 19, 2008, Dr. Hopkins telephoned Dr. Palumbo regarding Plaintiff's medical condition in association with the Plaintiff's claim for STD benefits. In response to inquiry by Dr. Hopkins, Dr. Palumbo again opined that Plaintiff could not work based upon her history surgeries and spinal dysfunction.

27. By correspondence dated February, 21, 2008, Plaintiff received notification that her appeal was denied and confirming that STD benefits were denied.

28. The February 21, 2008 correspondence stated that Plaintiff's claim was denied because, in the Defendants' view, Plaintiff had not met the definition of disability as defined by the Plan.

29. Plaintiff applied for Social Security Disability Insurance Benefits and by a decision dated March 7, 2008, Plaintiff was awarded benefits.

30. Plaintiff submits that she stands eligible for STD benefits through the United Health Plan, as she meets the Plan definition of "totally disabled."

31. Plaintiff has been ineligible to apply for Long Term Disability benefits ("LTD benefits") due the denial of her STD benefits.

32. As a result of the denial of STD benefits, Plaintiff has suffered the loss of the value of STD benefits, has been ineligible to apply for LTD benefits and has thus suffered the loss of the

value of LTD benefits, and has suffered other pecuniary damages including attorney's fees and costs of the within litigation.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT I**
**DENIAL OF PLAN BENEFITS**
**29 U.S.C. § 1132(a)(1)(B)**

33. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

34. Plaintiff Plan Beneficiary, at all times since October 1, 2007, has been and continues to be disabled within the meaning of the Plan, and therefore eligible to receive Short Term Disability benefits thereunder.

35. By correspondence dated February 21, 2008, Defendants denied Plaintiff's claim for benefits.

WHEREFORE, Plaintiff prays for the relief requested herein.

**COUNT II**
**BREACH OF FIDUCIARY DUTY**
**29 U.S.C. § 1132(a)(3)**

36. Plaintiff hereby realleges in full in this paragraph the allegations set forth in all other paragraphs of this Complaint.

37. Defendants stand in the position of fiduciaries to Plaintiff.

38. In breach of their fiduciary duties, Defendants have wrongfully failed and/or refused to appropriately pay Plaintiff monthly STD benefits pursuant to the provisions and requirements of the Plan.

WHEREFORE, Plaintiff prays for the relief requested herein.

## PRAYER FOR RELIEF

Plaintiff Kathleen Kindelan, prays that this Court grant her the following relief:

1. Declare that Plaintiff stands entitled to Short Term Disability (STD) benefits under the terms of Defendant's STD policy;
2. Reinstate Plaintiff's STD benefits retroactive to termination;
3. Order Defendants to accept as timely Plaintiff's application for LTD benefits following the date upon which her STD benefits would have expired in accordance with the United Health LTD Plan;
4. Award Plaintiff reasonable attorneys fees, litigation expenses and costs;
5. Award Plaintiff appropriate interest on all such monies; and
6. Such other and further relief as the Court deems just and proper to award Plaintiff.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,
PLAINTIFF KATHLEEN KINDELAN
By her Attorney,

N. K. Clapham

Noelle K. Clapham (5338)
24 Salt Pond Road, Suite A-8
South Kingstown, RI 02879
(401) 783-3600
(401) 783-3670 (fax)
claphamlaw@verizon.net